# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DAVID LEE HARDING,**

    **Petitioner,**

v.                        **CIVIL ACTION NO. 1:05CV33**

**WILLIAM M. FOX, Warden,**

    **Respondent.**

## ORDER AFFIRMING REPORT AND RECOMMENDATION

On February 23, 2005, *pro se* petitioner David Lee Harding ("Harding") filed a petition pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus on behalf of a person in state custody. (Doc. No. 1.). Harding's petition was referred to United States Magistrate Judge John S. Kaull on February 24, 2005. By Order dated March 31, 2005, the Magistrate Judge informed Harding that his petition did not state a claim under § 2254 and would be converted to a 42 U.S.C. § 1983 claim unless directed otherwise. (Doc. No. 4.) In response, on April 11, 2005, Harding sent a letter to the Magistrate Judge requesting legal advice and making equivocal statements about the posture of his claim. (Doc. No. 7.)

On April 28, 2005, the Magistrate Judge again Ordered the petitioner to inform the Court whether he wished to convert his § 2254 petition to a § 1983 action. (Doc. No. 5.) Thereafter, Harding filed a motion to withdraw his § 2254 petition. (Doc. No.

6.) In that motion, Harding also stated his decision not to convert the § 2254 petition to a § 1983 action. Id. Thus, on May 17, 2005, the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that Harding's motion to withdraw be granted and his § 2254 petition be dismissed.

Pursuant to 28 U.S.C. § 636(b)(1), any party may object to specific portions of an R&R, within ten (10) days of being served with it, by filing written objections with the court that state the basis for those objections. No such objections were filed by Harding. It is noted, however, that in a letter dated September 17, 2005, 123 days after the Magistrate's R&R was filed, Harding changed his position and requested the Court convert his § 2254 petition to a § 1983 action. (Doc. No. 9.) While this Court liberally construes *pro se* petitions and related filings, the delay in Harding's request for conversion is simply too great to allow its consideration. Thus, given that the only correspondence which could be construed as an objection to the R&R in this case was proffered over 100 days past the deadline for objections to be filed, the Court **AFFIRMS** the Magistrate Judge's Report and Recommendation, **GRANTS** Harding's motion to withdraw, and **ORDERS** Harding's 28 U.S.C. § 2254 petition **DISMISSED WITHOUT PREJUDICE.**

The Clerk is directed to mail a copy of this Order to the pro se petitioner at his current address (see Doc. No. 9), counsel of record, and all appropriate agencies.

DATED: October 24, 2005

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE